UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERNESTO DE LA TORRES,

     Petitioner,

v.                                                                Case No. 3:26-cv-346-MMH-MCR

WARDEN, BAKER COUNTY DETENTION
CENTER, and U.S. ATTORNEY GENERAL,

     Respondents.

_____

**<u>ORDER</u>**

Petitioner Ernesto De La Torres initiated this action by filing a pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1; Petition). Torres, a citizen of Cuba, arrived in the United States in 1997. <u>Id.</u> at 6. According to Torres, an immigration judge ordered him removed on August 15, 2011. <u>Id.</u> at 4. Torres asserts that United States Immigration and Customs Enforcement (ICE) previously detained him for 90 days in 2013; however, ICE was unable to remove Torres, so he was released. <u>Id.</u> at 6. On January 17, 2026, ICE again detained Torres. <u>Id.</u> at 4. Torres contends that his continued detention is unlawful and requests the Court order his immediate release. <u>Id.</u> at 6–7.

In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once

an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Because ICE took Torres into custody less than 180 days before he filed this case, his claim under Zadvydas is not yet ripe. Thus, his claim is due to be dismissed. When Torres's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Torres must pay a filing fee of $5.00 or file a

2

complete motion to proceed in forma pauperis. Additionally, Torres must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1.    The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.    The **Clerk** shall send Torres a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/24
c:     Ernesto De La Torres